ACCEPTED
04-13-00757-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
1/30/2015 6:24:35 PM
KEITH HOTTLE
CLERK

CAUSE NO. 04-13-00757-CV
IN THE COURT OF APPEALS FOR
THE FOURTH DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
1/30/2015 6:24:35 PM
KEITH E. HOTTLE
~~Clerk~~

**Michael Tatsch,**
*Appellant,*
v.
**Chrysler Group LLC and**
**Infinity County Mutual Insurance Company,**
*Appellees.*

On Appeal from the
216th Judicial District Court of Gillespie County, Texas
Trial Court Cause No. 12977

## APPELLEE CHRYSLER GROUP LLC'S MOTION FOR REHEARING

Matthew R. Beatty
State Bar No. 24001169
mbeatty@bbsfirm.com
David A. Polsinelli
State Bar No. 24088238
dpolsinelli@bbsfirm.com

COUNSEL FOR APPELLEE
CHRYSLER GROUP LLC

**BEATTY BANGLE STRAMA P.C.**
400 West 15th Street, Suite 1450
Austin, TX 78701
(512) 879-5050
(512) 879-5040 (FAX)

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................ii

INDEX OF AUTHORITIES ..........................................................................iii

ARGUMENT.............................................................................................. 1

A.  Introduction........................................................................................ 1

B.  The Language in the Warranty Booklet Demonstrates that the Cummins Warranty is not Unlimited……………………………………………………………… 3

PRAYER ................................................................................................. 9

CERTIFICATE OF COMPLIANCE ............................................................... 10

CERTIFICATE OF SERVICE....................................................................... 11

**INDEX OF AUTHORITIES**

**Cases**

1.  *Forbau v. Aetna Life Ins. Co.,* 876 S.W.2d 132 (Tex. 1994).

2.  *Frost Nat'l Bank v. L&F Distribs.*, 165 S.W.3d 310 (Tex. 2005).

3.  *Med. City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55 (Tex. 2008).

4.  *Tatsch v. Chrysler Group, LLC,* 2014 Tex. App. LEXIS 12910 (Tex.App.—San Antonio, December 3, 2014).

**ARGUMENT**

### A.     Introduction

In its partial reversal of the trial court's decision, the Court mistakenly interpreted Chrysler's Cummins Diesel Engine Limited Warranty ("Cummins Warranty") in a manner that would arguably impose coveage beyond anything even argued by Appellant. Since the interpretation was not argued by the Appellant in his briefs, this Motion presents the first opportunity for Chrysler to bring the matter to the Court's attention.

In its decision, the Court accurately recognized that Chrysler's Basic Limited Warranty obligates Chrysler to pay for the cost of parts and labor necessary to repair "defects" that existed when the vehicle left the manufacturing plant.[1] And, that coverage lasts for 3 years or 36,000 miles, whichever comes first. The Court also accurately noted that the Cummins Warranty begins when the Basic Limited Warranty ends, at 36,000 miles, and that the Appellant "sought repairs under the

---

[1]     The Court appears to acknowledge that if Appellant's vehicle had failed during the 3-year/36,000 mile term of the Basic Limited Warranty, he would in fact be required to put forth evidence showing that his vehicle had a defect that existed when it left the manufacturing plant. *Tatsch v. Chrysler Group, LLC,* No. 04-13-00757-CV, 2014 Tex. App. LEXIS 12910, at *8 (Tex.App.—San Antonio, December 3, 2014)("However, Tatch did not seek repairs for his truck under the Basic Limited Warranty...Rather, Tatsch sought repairs under the engine warranty...[which] makes no mention of the limiting defect language cited to by Chrysler.").

[Cummins Warranty]." *Tatsch,* 2014 Tex. App. LEXIS 12910, at *8. However, the Court erred when it stated that the Cummins Warranty does not have "limiting defect language" like the Basic Limited Warranty. *Id.* The error was a result of the Court's failure to read the warranty as a whole. Had it done so, it would have recognized that the Cummins Warranty is an <u>extension</u> of the Basic Limited Warranty for a specific list of parts. It would have also noted that the Cummins Warranty is indeed limited, not only by the "defects" language of the Basic Limited Warranty, by extension, but by language that says "[y]our warrant<u>ies</u> don't cover the costs of repairing damage caused by poor or improper maintenance. Nor do they cover damage caused by the use of contaminated fuels, or by the use of fuels, oils, lubricants, cleaners or fluids other than those recommended in your Owner's Manual." (CR 335) (emphasis added).

The error is significant because it arguably obligates Chrysler to pay for repairs to listed components for <u>any and every reason</u>. If the Court's opinion is left unaltered, the Cummins Warranty would provide coverage regardless of the problem or its cause, so long as the vehicle is presented to a dealership after the Basic Limited Warranty expired and the Cummins Warranty is still active. Under the Court's interpretation, a vehicle that was failing due to sand in the fuel tank would not be covered at 35,990 miles because of the "defect limiting language" in the

Basic Limited Warranty. Yet, if the owner could manage to put an additional 11 miles on the odometer, it would be suddenly be covered by the Cummins Warranty.

Chrysler never intended to assume such unlimited warranty obligations. And the Appellant has never asserted that it did so.

**B.** **The Language in the Warranty Booklet Demonstrates that the Cummins Warranty is Not Unlimited.**

An express warranty is the product of a negotiated exchange and is therefore contractual in nature. *Med. City Dallas, Ltd. v. Carlisle Corp*., 251 S.W.3d 55, 60 (Tex. 2008). Accordingly, "[w]hen we ascertain the parties' intentions in a warranty, we look to well-established rules for interpretation and construction of contracts." *Id.* at 61. In ascertaining the parties' intentions, a court "must consider the <u>entire writing</u> and attempt to harmonize and give effect to all the provisions of the contract by analyzing the provisions with reference to the whole agreement." *Frost Nat'l Bank v. L&F Distribs.*, 165 S.W.3d 310, 312 (Tex. 2005) (emphasis added). Furthermore, courts must "construe contracts from a utilitarian standpoint bearing in mind the particular business activity sought to be served and will avoid when possible and proper a construction which is unreasonable, inequitable, and oppressive." *Id.* (internal quotations omitted).

By mistakenly reading Chrysler's Cummins Warranty in isolation, the Court has reached a result that is unreasonable, inequitable, and oppressive to Chrysler. Moreover, the Court's interpretation is not what the parties intended. In support of its holding that the Appellant has presented some evidence that Chrysler breached its express warranty, the Court cites to Section 2.2(B) of the Warranty Information Booklet for Appellant's vehicle ("Warranty Booklet"). That Section, entitled "What's Covered," provides:

> In vehicles equipped with a Cummins Diesel Engine, ONLY the following engine parts and components are covered by the Cummins Diesel Engine Limited Warranty:
> - cylinder block and all internal parts
> - cylinder head assemblies
> - core plugs
> - EGR system (includes any valves and coolers) – 6.7L
> - fuel injection pump & injectors
> - gaskets and seals for listed components
> - intake and exhaust manifold
> - oil pan
> - oil pump
> - timing gear drive belts and/or chains and cover
> - turbocharger housing and internal parts
> - valve covers
> - water pump and housing

(CR 331). The Court concludes that because the parts alleged to have failed on Appellant's vehicle were included in this Section, there is sufficient evidence that Chrysler breached its express warranty. *Tatsch,* 2014 Tex. App. LEXIS 12910, at *6.

There are a few problems with this conclusion. First and foremost, the Court fails to recognize that the Cummins Warranty is an <u>extension</u> of the Basic Limited Warranty.

This is shown by looking no further than the very first page of the Warranty Booklet, which lists the vehicle's "Warranty Coverage at a Glance." (CR 327). On this list, the Basic Limited Warranty is listed by itself at the very top, with the vehicle's Cummins Warranty listed below it and labeled as "Special <u>Extended</u> Warranty Coverage." (CR 327) (emphasis added). In other words, the Cummins Warranty is an <u>extension</u> of the Basic Limited Warranty, and therefore founded upon the same terms. This is further supported by the fact that the Cummins Warranty does not begin until the exact moment the Basic Limited Warranty expires.[2] As such, the Cummins Warranty is not one that applies simultaneously with or independent from the Basic Limited Warranty, but is instead a less inclusive version of the Basic Limited Warranty. Stated another way, all of the Basic Limited

---

[2]      The Basic Limited Warranty ends at the earlier of three years from when the vehicle was purchased or when the vehicle has been driven 36,000 odometer miles. (CR 329). Once the Basic Limited Warranty has expired, the Cummins Warranty begins and remains in effect until either the vehicle has been driven for a total of five years or 100,000 odometer miles, whichever occurs first. (CR 331-32).

Warranty's terms also apply to the Cummins Warranty, with one key exception: the parts that are covered.

Further consistent with this interpretation is the fact that the Cummins Warranty makes no mention of what Chrysler's obligations are with respect to these covered parts. Because breach of warranty claims are contractual in nature, the only obligations the Court can impose on Chrysler are those that it agreed to, as evidenced by language in the Warranty Booklet. *See Med. City Dallas,* 251 S.W.3d at 60 ("An express warranty is the result of a negotiated exchange, and is a creature of contract.") (internal quotations and citations omitted). Yet, without pointing to any language in the Warranty Booklet specifying exactly what Chrysler's obligations were, the Court nonetheless found that Chrysler breached its expressed warranty obligations.

Similarly, if we were to rely exclusively on Section 2.2(B), there would be no requirement that the covered parts even stop functioning. That is, under the Court's reasoning, Appellant could simply bring his vehicle to a dealership during the Cummins Warranty period and have any or all of the covered parts replaced at no charge—regardless of whether they were functioning properly or not—because that Section does not stipulate what condition the parts would need to be in for Chrysler's "obligations" to trigger.

The absence of any specific terms or obligations in the Cummins Warranty, other than covered parts, clearly demonstrates that it is an extension of the Basic Limited Warranty. The Basic Limited Warranty not only lists the parts it covers (everything except tires and headphones), but it also specifies the condition they must be in (defective in material, workmanship or factory preparation at the time they left the manufacturing plant) before triggering Chrysler's obligations (to repair or adjust the defects at no cost to the customer, using new or manufactured parts). (CR 328).

When considering that the Cummins Warranty begins at a later date than the Basic Limited Warranty—after the vehicle has endured significantly more usage and exposure to misuse or other external factors—it would seem pretty illogical for an experienced automobile manufacturer like Chrysler to agree to <u>expand</u> its warranty obligations to an unconditional level, but that is exactly what the Court's opinion suggests. Under the Court's holding, the same exact parts covered under the Basic Limited Warranty with specific conditions for their coverage would suddenly become covered unconditionally, creating a huge windfall for customers, like the Appellant, whose parts fail at just the right time. Such an unreasonable interpretation is not what the parties intended. Instead, the only reasonable way

to interpret these two warranties in conjunction is that Chrysler did not agree to such an irrational expansion of its obligations when the Basic Limited Warranty expired, but rather agreed to the same terms of the Basic Limited Warranty, except that the only parts subject to those terms were the ones specifically listed in the Cummins Warranty.

In addition to its failure to recognize that the Cummins Warranty is an extension of the Basic Limited Warranty, the Court also disregarded Section 3 of the Warranty Booklet, entitled "What's Not Covered." Specifically, Section 3.3 reads, "Your warranties don't cover the costs of repairing damage caused by poor or improper maintenance. Nor do they cover damage caused by the use of contaminated fuels, or by the use of fuels, oils, lubricants, cleaners or fluids other than those recommended in your Owner's Manual." (CR 335). Based on this Section alone, the Court should grant rehearing to vacate its opinion, because Appellant cannot meet the burden on his breach of express warranty claim without offering proof that his vehicle's failure was due to something other than the causes listed in Section 3.3. *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133-34 (Tex. 1994) (holding that when one provision of a contract defines an obligation generally and another provision sets limits on that obligation, the more specific provision controls). The Court's disregard of Section 3 is very significant, because the precise

reason why Appellant's vehicle was denied warranty coverage is because his vehicle's failure was due to these non-covered causes.

Thus, when reading the Warranty Booklet in its entirety, Appellant was not just required to prove that a covered part failed, as the Court opined, but instead had to put forth evidence that the part had a defect that existed when his vehicle left the manufacturing plant. As Section 3.3 of the Warranty Booklet explains, such a defect does not exist when the part's failure was caused by contaminated fuel or improper maintenance. For these reasons and the reasons more fully discussed in Chrysler's briefing, Appellant has failed in his attempt to offer proof of a defect. As such, Chrysler was under no obligation to repair Appellant's vehicle and his breach of express warranty claim fails as a matter of law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee Chrysler Group LLC asks the Court to grant this Motion for Rehearing, withdraw its memorandum opinion and judgment, and affirm the trial court's decision granting Chrysler's no-evidence motion for summary judgment on Appellant's breach of express warranty claim.

Respectfully submitted,

**BEATTY BANGLE STRAMA, P.C.**
400 W. 15th Street, Suite 1450
Austin, Texas 78701

(512) 879-5050
(512) 879-5040 (Fax)

By:     */s/ Matthew R. Beatty*
            Matthew R. Beatty
            State Bar No. 24001169
            mbeatty@bbsfirm.com
            David A. Polsinelli
            State Bar No. 24088238
            dpolsinelli@bbsfirm.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(2)(D), I hereby certify that foregoing document contains 2,013 words, which was calculated using the word counting of the computer program used to prepare the document.

            */s/ Matthew R. Beatty*
            Matthew R. Beatty

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served via the Court's electronic filing system to all counsel listed below on January 30, 2015:

Craig M. Patrick
Patrick Law Firm, P.C.
3333 Lee Parkway, Suite #600
Dallas, TX 75219
(214) 665-9510
(214) 665-9511 (FAX)

Sharla J. Frost / Shawn D. Golden / Michelle Scheiffele
Wilson Elser Moskowitz Edelman & Dicker, LLP
5847 San Felipe, Suite #2300
Houston, TX 77057
(713) 353-2000
(713) 785-7780 (FAX)

*/s/ Matthew R. Beatty*
Matthew R. Beatty